UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

v().                                                  Case No. 1:97cr13-MP

**RICHARD WAYNE MATHIS,**

      **Defendant.**

_____

### REPORT AND RECOMMENDATION TO DISMISS RULE 60 MOTION

      Defendant Mathis filed a "Motion for Relief from Judgement Pursuant to Federal Rules of Civil Procedure 60(b)(4)."  Doc. 1316.  He asserts that Rule 60(b) provides a remedy, citing Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  *Id.*, p. 1.  He seeks judicial notice that the motion is filed pursuant to Rule 60(b), "and in no way should it be construed as" either a petition for writ of habeas corpus or a 28 U.S.C. § 2255 motion to vacate sentence.  *Id.*, p. 2.

      Though Defendant references Gonzalez (addressed ahead), he specifically seeks relief from the judgment of this court pursuant to which he is in custody, claiming a lack of subject matter jurisdiction as the statutes charged in the indictment were never

properly or legally enacted.  In his prayer for relief, Defendant seeks "an Order that overturns his conviction and [sets him] FREE from his current illegal incarceration on the grounds that The District Court did not have Jurisdiction to try the crimes against The United States."  Doc. 1316, p. 25.  But "Rule 60(b) simply does not provide for relief from judgment in a criminal case."  United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).

Defendant is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Relief, if any, from his conviction and sentence would be by § 2255 motion filed in this court.  As this Defendant has already been denied § 2255 relief,[1] however, he must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 ¶ 8 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

---

[1] See docs. 1214, 1217, and 1218 (report and recommendation as adopted by the court and judgment entered on July 2, 2003).  A certificate of appealability for appeal was granted but the denial of § 2255 relief affirmed.  Docs. 1248, 1270, and 1280.

Authorization for filing has not been granted, and this court lacks jurisdiction to consider a second or successive motion.  It is noted that a previous attempt by Defendant to challenge his conviction by Rule 60(b) motion was unsuccessful.  Docs. 1271, 1273, 1289, and 1300.

Defendant's current claim that this court may not construe his Rule 60(b) motion as an attempted second or successive § 2255 motion is rejected.  *Cf*. Castro v. United States, 540 U.S. 375, 383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003) (court must give advance notice when it recharacterizes a pro se motion titled as an *initial* § 2255 motion); Gonzalez v. Secretary for the Dept. of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc) ("[t]he *Castro* decision does not extend beyond initial filings, and nothing the Supreme Court said or did no that case implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not.");[2] Outler v. United States, 485 F.3d 1273, 1278-79 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 1443 (2008) (Castro did not make recharacterization unlawful, just removed adverse consequence of recharacterizing a first motion where notice had not been given.  Defendant's citation to Gonzalez as allowing a Rule 60(b) motion is unavailing.  He claims no "defect in the integrity of the federal habeas proceedings," but an error in the criminal judgment itself,[3] to which the

---

[2] This was the opinion affirmed (but with a different analysis of the Rule 60 issue) in Gonzalez v. Crosby (discussed *supra*).  See Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez).

[3] The Court in Gonzalez found that Rule 60(b) could afford relief in the habeas context, where application of that rule was not inconsistent with the restrictions imposed

rule does not apply.

This is not a proper 60(b) motion, but an unauthorized second or successive § 2255 motion over which the court lacks jurisdiction.  See also Williams v. Chatman, 510 F.3d 1290, 1293-95 (11th Cir. 2007) (discussing Gonzalez, finding district court lacked jurisdiction to consider what were essentially unauthorized second or successive habeas corpus claims raised in a 60(b) motion).

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion (doc. 1316) be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2009.


   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

on successive petitions by Antiterrorism and Effective Death Penalty Act. 545 U.S. at 529-30, 125 S.Ct. at 2646.  If a Rule 60(b) motion either seeks to add a new ground for relief or challenges the federal court's previous resolution of a claim on the merits, it is essentially a second or successive petition.  Id. at 532, 125 S.Ct. at 2648. Only where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition.  Id

Case No. 1:97cr13-MP